# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1485

_____

| | | |
|---|---|---|
| Patrick L. McDowell, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| D. Dawson; Shoup; Bucker; Pettus; | * | Western District of Missouri. |
| Barts; Ballinger; Joe Hoffmeister; J. | * | |
| Wade; Supt. Michael Bowersox; | * | [UNPUBLISHED] |
| Missouri Department of Corrections, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: February 27, 2007
Filed: March 2, 2007

_____

Before COLLOTON, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Missouri prisoner Patrick McDowell appeals the district court's order dismissing his 42 U.S.C. § 1983 action against several defendants: the Missouri Department of Corrections (MDOC) and correctional officers Dawson, Shoup, and Pettus, functional unit managers Buckner (sued as "Bucker") and Wade, staff members Barts, Ballinger, and Hoffmeister, and superintendent Bowersox, all of the South Central Correctional Center. We grant McDowell leave to appeal in forma

pauperis, deny all other pending motions, and, for the reasons that follow, affirm in part and reverse and remand in part.

We conclude that the district court properly dismissed McDowell's claims against MDOC, because it is not a "person" under section 1983, see Alsbrook v. City of Maumelle, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc), against Barts, because McDowell failed to serve him, see Norsyn, Inc. v. Desai, 351 F.3d 825, 830-31 (8th Cir. 2003), and against Buckner, Wade, Ballinger, Hoffmeister, and Bowersox, because McDowell made only conclusory allegations that they denied his rights to due process. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

The district court dismissed without prejudice McDowell's claims against Dawson, Shoup, and Pettus on the ground that McDowell had not demonstrated that he exhausted administrative remedies for all of his claims against all of the defendants. As to these claims, we reverse and remand for further consideration in light of Jones v. Bock, 127 S. Ct. 910, 919-26 (2007). While it is unclear whether McDowell needed to name all three of these defendants in his administrative grievances to proceed against them on his intertwined claims, see id. at 923, the Supreme Court has now declared that courts should not dismiss all of a prisoner's claims when his exhaustion of remedies is incomplete. See id. at 925-26. In the instant case, the district court acknowledged that McDowell had exhausted certain claims, but concluded under law of this circuit prior to Jones that the case should be dismissed. We remand the case in light of Jones and leave for the district court to determine in the first instance which of McDowell's claims against these three defendants are properly exhausted. See id. at 923.

_____